UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLOS BROWN,

    Petitioner,

v.

    CASE NO. 4:13-cv-11685
    HONORABLE MARK A. GOLDSMITH
    UNITED STATES DISTRICT JUDGE

CINDI S. CURTIN,

    Respondent.

_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO HOLD THE PETITION FOR WRIT OF HABEAS CORPUS IN ABEYANCE**

This is a habeas corpus case filed by Michigan prisoner Carlos Brown. On April 14, 2010, Petitioner was convicted after a trial in the Oakland Circuit Court of armed robbery, felon in possession of a firearm, and commission of a felony with a firearm. The petition raises three claims: (1) the trial court refused to give the jury an adverse witness instruction; (2) there was insufficient evidence presented at trial to sustain the convictions; and (3) the sentencing guidelines were incorrectly scored. Petitioner has filed a motion to stay the habeas corpus proceeding to permit him to exhaust his state court remedies with respect to an additional five claims. For the reasons stated below, the Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion to permit Petitioner to exhaust this claim.

**I. Background**

Following his conviction, Petitioner filed an appeal of right in the Michigan Court of Appeals. The state appellate court affirmed. *People v. Brown*, No. 299496 (Mich. Ct. App. August 20, 2011). Petitioner then sought relief in the Michigan Supreme Court, but that court denied leave

1

to appeal. *People v. Brown*, No. 144188 (Mich. Sup. Ct. April 18, 2012). Petitioner commenced the instant habeas proceeding by placing his petition in the prison mail system on April 4, 2013.

Petitioner has now filed a motion to stay proceedings. He wishes to exhaust additional claims concerning ineffective assistance of counsel, erroneous admission of evidence, and prosecutorial misconduct.

## II. Discussion

Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Moritz v. Lafler*, No. 2:07-CV-15369, 2008 WL 783751, at *2 (E.D. Mich. Mar. 19, 2008) (citing *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000)). The Sixth Circuit Court of Appeals has advised that it is preferable for a district court to stay proceedings pending exhaustion on a habeas petition, rather than dismissing the petition without prejudice. *Griffin v. Rogers*, 308 F.3d 647, 652, n. 1 (6th Cir. 2002).

In this case, Petitioner requests a stay because he alleges that he would like to file a motion for relief from judgment raising additional claims challenging his conviction.

A common circumstance calling for abating a habeas petition arises, when a Petitioner wishes to exhausted claims, but the dismissal without prejudice of the petition would probably result in the second petition being time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002). It appears that Petitioner had less than three months remaining on the limitations period when he filed his habeas petition. Accordingly, if the Court were to dismiss without prejudice the petition on exhaustion grounds, Petitioner would find it difficult to timely file his petition after he finished exhausting his claims.

The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned

about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)(*citing Rhines v. Weber,* 544 U.S. 269, 278 (2005)). The Court will, therefore, grant Petitioner's motion.

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that there are no delays by Petitioner in exhausting his state court remedies, this Court will impose upon Petitioner time limits within which he must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

The Court holds the petition in abeyance to allow Petitioner to pursue post-conviction proceedings in the state courts. This tolling is conditioned upon Petitioner filing a motion for relief from judgment in the trial court within sixty (60) days and then returning to federal court within sixty (60) days of completing the exhaustion of state court post-conviction remedies. *Hargrove*, 300 F. 3d at 721; *See also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. ORDER

It is **ORDERED** that Petitioner's motion to hold the petition for writ of habeas corpus in abeyance is **GRANTED**. Petitioner may file a motion for relief from judgment with the state trial court within sixty (60) days of receipt of this Court's order. If Petitioner fails to do so by that date, the Court will dismiss his petition without prejudice.

If Petitioner files the motion, he shall notify this Court that such papers have been filed in

state court. The case will then be held in abeyance pending Petitioner's exhaustion of the claims. Petitioner shall refile a habeas petition within sixty (60) days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock*, 207 F. Supp. 2d at 677.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Dated: July 29, 2013                              s/Mark A. Goldsmith
      Flint, Michigan                              MARK A. GOLDSMITH
                                                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 29, 2013.

                                                            s/Deborah J. Goltz
                                                            DEBORAH J. GOLTZ
                                                            Case Manager